IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL GREEN, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MANSIONS MANAGEMENT | : | |
| COMPANY, LLC, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Michael Green ("Green") brings this Complaint against Defendant Mansions Management Company, LLC ("Mansions"), and shows the Court as follows:

## Introduction

1.

Mansions employed Green as a front desk receptionist from July 2020 through February 4, 2025. Defendant failed to pay Green an overtime premium for all hours when he worked in excess of forty (40) hours during a work week.

## Jurisdiction and Venue

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C

1

§ 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Mansions conducts business within this judicial district and because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

4.

Green resides in Gwinnett County, Georgia.

5.

Mansions employed Green as a front desk receptionist at its senior living facility located at 2400 Buford Drive, Lawrenceville, Georgia.

6.

At all times relevant from February 2022 through February 4, 2025 (hereinafter the "Relevant Time Period"), Green was an "employee" of Mansions as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

Mansions is a foreign limited liability company organized under the laws of the State of Oklahoma.

8.

At all times during the Relevant Time Period, Mansions has been registered and authorized to do business in the State of Georgia.

9.

Throughout the Relevant Time Period, Mansions was an "employer" of Green as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

Mansions is subject to the personal jurisdiction of this Court.

11.

Mansions may be served with process through its registered agent Scott Schmidt at 3175 River Exchange Drive, Norcross, Georgia 30328.

**Individual Coverage**

12.

Throughout the Relevant Time Period, Green was "engaged in commerce", as an employee of Mansions as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**Enterprise Coverage:**

13.

Throughout the Relevant Time Period, Mansions was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

3

14.

Throughout 2022, Mansions had two or more "employees engaged in commerce", as defined by 29 U.S.C. § 203(s)(1)(A).

15.

Throughout 2023, Mansions had two or more "employees engaged in commerce", as defined by 29 U.S.C. § 203(s)(1)(A).

16.

Throughout 2024, Mansions had two or more "employees engaged in commerce", as defined by 29 U.S.C. § 203(s)(1)(A).

17.

Throughout 2025, Mansions has had two or more "employees engaged in commerce", as defined by 29 U.S.C. § 203(s)(1)(A).

18.

Throughout the Relevant Time Period, Green and other employees of Mansions handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Mansions including telephones, medical supplies, office supplies, office furniture, and computers.

19.

During 2022, Mansions had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2023, Mansions had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2024, Mansions had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2025, Mansions had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2022, Mansions had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2023, Mansions had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2024, Mansions had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2025, Mansions had or is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

Throughout the Relevant Time Period, Mansions has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**Lack of Exemption**

28.

Throughout the Relevant Time Period, Mansions compensated Green on an hourly basis.

29.

Throughout the Relevant Time Period, Green was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

30.

Throughout the Relevant Time Period, Green's primary duties included answering and directing phone calls; taking messages; greeting guests and residents; accepting packages from couriers; assisting residents as needed; creating work orders for maintenance; emptying trash cans; and rolling silverware for the following day.

31.

Throughout the Relevant Time Period, Mansions did not employ Green in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

32.

Throughout the Relevant Time Period, Mansions did not employ Green in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

33.

Throughout the Relevant Time Period, Mansions did not employ Green in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

34.

Throughout the Relevant Time Period, Green did not supervise two or more employees.

35.

Throughout the Relevant Time Period, Mansions did not employ Green in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

**Additional Factual Allegations**

36.

Mansions employed Green as a front desk receptionist at its senior living facility located at 2400 Buford Drive, Lawrenceville, Georgia from approximately July 2020 through February 4, 2025.

37.

Throughout the Relevant Time Period, Mansions compensated Green on an hourly rate of between $13.50 and $15.97.

38.

Throughout the Relevant Time Period, Mansions scheduled Green to work five (5) days per week, Tuesday through Saturday.

39.

Throughout the Relevant Time Period, Mansions normally scheduled Green to work from 12:00 a.m. until 8:00 a.m.

40.

Throughout the Relevant Time Period, Mansions normally scheduled Green to work eight (8) hours during each work shift.

41.

Throughout the Relevant Time Period, Green often covered co-workers' work shifts when they were on vacation, out sick, running late, or otherwise absent from work.

42.

Throughout the Relevant Time Period, Green could not leave work until he was relieved by a co-worker during each work shift.

43.

Throughout the Relevant Time Period, Green often worked in excess of 8 hours during each work shift.

44.

Throughout the Relevant Time Period, Green often worked 8-12 hours or more in excess of his regularly scheduled hours during each work week.

45.

Throughout the Relevant Time Period, Mansions were aware of the actual number of hours Green worked performing front desk receptionist services.

46.

As an example, for the pay period beginning on March 10, 2024 and ending on March 24, 2024, Green's paystub indicates that he worked 96.05 hours but was only paid an FLSA premium for only 1.47 of those hours, thus demonstrating an FLSA overtime violation on its face.

47.

In addition, for the pay period beginning on September 25, 2024 and ending on October 9, 2024, Green's paystub indicates that he worked 105.53 hours but was

only paid an FLSA premium for only 17.3 of those hours, thus demonstrating an FLSA overtime violation on its face.

48.

Further, during the pay period beginning on November 10, 2024 and ending on November 24, 2024, Green's paystub indicates that he worked 104.33 hours but was only paid an FLSA premium for 17.3 of those hours thus demonstrating an FLSA overtime violation on its face.

49.

Defendant knew or should have known that the FLSA applied to Green.

50.

Throughout the Relevant Time Period, Mansions often compensated Green at his regular hourly rate (*i.e.* straight pay) for some of the hours he worked in excess of forty (40) hours in a work week.

51.

Defendant knew or should have known that Green was entitled to FLSA overtime protections.

52.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendant compensate Green at a rate of one–and–one–half times his regular rate for all time worked in excess of forty (40) hours in a work week.

10

53.

Defendant knew or should have known that Section 7 of the FLSA requires that Defendant pay Green a premium for all hours worked above forty hours in a given workweek.

54.

Throughout the Relevant Time Period, Green regularly worked more than forty (40) hours during a given workweek.

55.

Throughout the Relevant Time Period, Defendant failed to pay Green at one-and-one-half times his regular rate for all hours worked in excess of forty (40) hours in any and all workweeks.

## Count 1 - Failure to Pay Overtime

56.

The allegations in paragraphs 1-55 above are incorporated by reference as if stated verbatim herein.

57.

Throughout the Relevant Time Period, Green was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

58.

Throughout the Relevant Time Period, Green regularly worked in Defendant's employ in excess of forty (40) hours during each work week.

59.

Throughout the Relevant Time Period, Defendant failed to pay Green at one-and-one-half times his regular rate for time worked in excess of forty (40) hours during each work week.

60.

Defendant willfully failed to pay Green at one–and–one–half times his regular rate for work in excess of forty (40) hours in any week from February 2022 through February 4, 2025.

61.

Green is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of the underpayment of overtime compensation as alleged above, Green is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As a result of the underpayment of overtime compensation as alleged above, Green is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Green respectfully prays:

1.  That his claims be tried before a jury;

2. That he be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendant, plus an additional like amount in liquidated damages;

3. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendant;

4. That he be awarded nominal damages; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303          /s/CHARLES R. BRIDGERS
(404) 979-3150                  CHARLES R. BRIDGERS
(404) 979-3170 (f)              GA. BAR NO. 080791
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com  /s/KEVIN D. FITZPATRICK, JR.
                                KEVIN D. FITZPATRICK, JR.
                                GA. BAR NO. 262375